UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven H. Gerlich, | Civil File No. 10-4520 (DWF/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM IN SUPPORT OF DEFENDANT AMERIQUEST MORTGAGE COMPANY, INC.'S MOTION TO DISMISS** |
| Countrywide Home Loans, Inc., Ameriquest Mortgage Company, Citigroup, Inc., Carrie Ehinger, John Does 1-50, Mary Roes 1-50, ABC Corporations 1-50, | |
| Defendants. | |

Defendant Ameriquest Mortgage Company, Inc. ("Ameriquest"), respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiff's Complaint.

## INTRODUCTION

After Plaintiff failed to make his mortgage payments, Defendant Countrywide Home Loans, Inc. ("Countrywide") initiated foreclosure proceedings. Despite notice of the foreclosure proceedings, Plaintiff failed to cure his defaults, he failed to redeem the property during the redemption period, and he failed to raise any defenses to the foreclosure proceedings. At the eleventh hour when faced with imminent eviction, Plaintiff brought this lawsuit seeking to unwind the foreclosure and recover damages from not only his mortgage loan servicer and the owner of the note who foreclosed on the property, but also from Ameriquest, which had originated the mortgage loan in 2003.

Plaintiff has taken a true "kitchen sink" approach to his Complaint, asserting nine different causes of action against four separate defendants, as well as additional purportedly unknown defendants. Yet Plaintiff fails to identify which claims are against which defendants and, instead, broadly accuses all defendants of wrongful conduct with respect to each count of his Complaint. And while Ameriquest admittedly assigned its interest in the property at issue, Plaintiff nonetheless attempts to involve Ameriquest in this litigation based upon his confusing and vaguely-defined belief that a series of mortgage assignments prevented him from knowing which party had the authority to institute the foreclosure action.

None of Plaintiff's claims against Ameriquest are entitled to proceed. He lacks standing to assert a claim for declaratory judgment against Ameriquest. Plaintiff cannot sustain an action under the Fair Credit Reporting Act because the Act does not provide for a private right of action in these circumstances. His remaining claims for fraudulent representation, fiduciary duty, civil conspiracy, and slander of title are time barred. Additionally, Plaintiff's fiduciary duty claim fails as a matter of law because he cannot demonstrate that there was a duty owed by Ameriquest. Moreover, Plaintiff's Complaint is facially deficient. His allegations – when stripped of formulaic recitations, conclusory allegations, and inconsistencies – fall far short of stating a single viable claim under Rule 12(b)(6). This Court should therefore grant Ameriquest's Motion to Dismiss Plaintiff's Complaint in its entirety.

# BACKGROUND[1]

## I. The Mortgage

On March 10, 2003, Ameriquest entered into a refinance loan transaction with Shelley Chamberlain, wherein she promised to pay Ameriquest Mortgage Company $98,000, plus interest, in regular periodic payments by April 1, 2033 (the "Promissory Note"). (Compl. ¶¶ 16, 17, 59); Affidavit of Kirsten Schubert ("Schubert Aff.") Ex. A. This loan was secured by a mortgage lien on real property located at 133 18th Avenue North, Saint Cloud, Minnesota, 56303 (the "Mortgage"), which was executed by Steven Gerlich and Shelley Chamberlin, as husband and wife. (Compl. ¶¶ 16, 17, 59); Schubert Aff. Ex. B. The Mortgage expressly states that the Promissory Note and Mortgage can "be sold one or more times without prior notice to [Plaintiff]." Schubert Aff. Ex. B ¶ 20. The Mortgage further states that Ameriquest and/or its successors[s] are entitled to accelerate repayment of all amounts due under the Promissory Note and sell the underlying property in the event that Borrower failed to tender the requisite periodic payments. Schubert Aff. Ex. B ¶¶ 9, 22.

## II. The Assignment

Ameriquest subsequently sold the Promissory Note and assigned the Mortgage to Countrywide Home Loans (the "Mortgage Assignment"). Schubert Aff. Ex. C. The

---

[1] The facts cited are drawn from the Complaint, public documents, and other materials embraced by the Complaint. Such materials can be considered upon a Rule 12(b)(6) motion. See Piper Jaffray Co's., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 967 F.Supp. 1148, 1152 (D. Minn. 1997). For purposes of this motion only, the factual allegations in the Complaint are assumed to be true as pleaded, except where those allegations are inconsistent with the terms of documents embraced by the Complaint.

Mortgage Assignment, executed by Carrie Ehinger, was recorded on October 6, 2008.  Id. Ameriquest therefore has no record interest in the real property that is the subject of this dispute.

## ARGUMENT

**I.     Standard for Motion to Dismiss**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While the standard does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.  A pleading that "tenders naked assertions devoid of further factual enhancement" or offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" fails to meet this standard. Id.; Twombly, 550 U.S. at 555 (2007).  Indeed, courts do not hesitate to dismiss a complaint when, even assuming the facts alleged to be true, the complaint nevertheless fails to allege the elements required to recover under the stated causes of action.  See Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986); Helleloid v. Indep. Sch. Dist. No. 361, 149 F. Supp. 2d 863, 867 (D. Minn. 2001).

In reviewing a motion to dismiss, the Court need not accept as true wholly conclusory allegations or unwarranted factual inferences.  Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999); Helleloid, 149 F. Supp. 2d at 867. Nor need it "blindly accept the legal conclusions drawn by the pleader from the facts."

Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1989) (quoting Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)); Helleloid, 149 F. Supp. 2d at 867. Instead, the Court must first separate the bald legal conclusions from any well-pleaded factual allegations to determine whether the latter "plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. A complaint is only "plausible on its face" when it contains "content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Complaints that plead facts that are "merely consistent with a defendant's liability" fail because they stop "short of the line between possibility and plausibility of entitlement to relief." Id. And where, as here, a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Twombly, 127 S. Ct. at 1974.

## II. Plaintiff has Failed to Plead A Claim against Ameriquest and the Complaint Should Be Dismissed.

Ameriquest originated the loan, assigned its interest, and has no interest—record or otherwise—in the Mortgage or the property that is the subject of this dispute. All claims are ostensibly against the foreclosing party with the record interest—Countrywide. Ameriquest therefore joins in Countrywide's arguments as appropriate, and briefly sets forth below additional grounds for dismissal of Plaintiff's claims against it.

### A. Plaintiff Lacks Standing to Bring Claims Arising From the Foreclosure Proceedings Against Ameriquest.

Counts V, VI, and VII of Plaintiff's Complaint relate solely to the foreclosure action which was brought against him by Countrywide—proceedings to which Ameriquest is not a party and in which it has no interest. The Minnesota Statutes

governing foreclosure proceedings are very specific and require that the homeowner have notice of the foreclosure, including what party or parties are foreclosing on the property. Minn. Stat. §§ 580.01, et seq; 582.01, et seq.  Minnesota's foreclosure laws further require that all assignments be properly recorded before a party is entitled to institute foreclosure proceedings.  Minn. Stat. § 580.02; Jackson v. Mortgage Electronic Registration Systems, Inc., 770 N.W.2d 487 (Minn. 2009).  It is without dispute that Ameriquest assigned its interest in the Mortgage, and that assignment was recorded as required by law.  See Schubert Aff. Ex. C (Assignment of Mortgage recorded in Stearns County October 6, 2008).  Moreover, Plaintiff does not allege that Countrywide failed to comply with the statutory notice requirements and, as set forth in Countrywide's brief, Countrywide is undisputedly the party that holds the interest in the Mortgage and foreclosed on that interest.  Plaintiff can not circumvent these facts and this law simply by alleging that "all Defendants" are responsible for all acts alleged.

Indeed, without alleging that he cured all existing defaults on the loan, Plaintiff seeks a declaratory judgment setting aside the sheriff's sale, and declaring that Defendants "have not [sic] estate right, title or interest in said property." (Compl. ¶¶ 104, 110.)  The Declaratory Judgment Act, which governs the analysis of claims for declaratory relief in federal court, provides that:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201 ("DJA"). To satisfy the "actual controversy" requirement of the DJA, the dispute must be definite and concrete, touching the legal relations of parties having adverse legal interests. <u>MedImmune, Inc. v. Genentech, Inc.</u>, 549 U.S. 118 (2007); <u>Medtronic, Inc. v. American Optical Corp.</u>, 327 F.Supp. 1327 (D. Minn.1971).

  Plaintiff's attempt to assert these claims against Ameriquest is simply not plausible on its face. While Plaintiff makes the conclusory and legally unsupported allegation that "Defendants, and each of them" were responsible for the illegal foreclosure, Plaintiff implicitly admits that Ameriquest did not initiate foreclosure proceedings against Plaintiff, and assigned its interest in Plaintiff's home to Countrywide in the Assignment of Mortgage, recorded on September 24, 2008. (Compl. ¶ 18 (alleging that Countrywide and Citigroup initiated foreclosure proceedings); <u>id.</u> ¶ 20 (alleging that Countrywide purchased the subject property from itself at the foreclosure sale); <u>id.</u> ¶ 41 (acknowledging Assignment of Ameriquest's Mortgage interest was recorded in Stearns County on September 24, 2008).) Taking the allegations of the Complaint as true, and given Minnesota's laws governing foreclosure, it is clear that Ameriquest had no involvement with the Mortgage after the Assignment, recorded September 24, 2008, and Plaintiff was – or, given the publicly recorded information, should have been – well aware of that fact. <u>Id.</u> Thus, as between Ameriquest and Plaintiff, there is no actual controversy related to the foreclosure.

  Moreover, while Plaintiff purports to challenge the "multiple assignments" that were part of "an inter-temporal" "consumer credit transaction," (Compl. ¶ 66), he does not allege, nor can he, that he was a party to any transfer or assignment (because he was

not).  Thus, he has no "adverse legal interest to Ameriquest" with respect to the transaction and lacks standing to challenge the validity of any assignment.  28 U.S.C. § 2201; MedImmune, 549 U.S. 118; Medtronic, 327 F.Supp. 1327.

Plaintiff has failed to plead a claim for declaratory relief against Ameriquest and Counts V (Set Aside Sheriff's Sale), VI (Quiet Title), and VII (Wrongful Foreclosure) of the Complaint should therefore be dismissed.

   **B.** **Plaintiff Fails to Allege a Private Right of Action Against Ameriquest Under the Fair Credit Reporting Act.**

Count I of the Complaint conclusorily alleges that Defendants have violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq., by furnishing negative information about the Plaintiff to credit reporting agencies.  (Compl. ¶¶ 73-77.)  As a threshold matter, given Plaintiff's admission that Ameriquest closed in August of 2007 and sold its servicing group to Citigroup (Compl. ¶ 11), Plaintiff's broad allegation that all Defendants purportedly violated the FCRA is not plausible on its face as to Ameriquest.  Moreover, taking as true the allegation that Ameriquest closed in 2007, the claim would be time-barred by the FCRA's two-year statute of limitations.  See 15 U.S.C. § 1681p (claims for violation of § 1681s-2(b) subject to two-year statute of limitations); Sweitzer v. American Express Centurion Bank, 554 F.Supp.2d 788, 795 (S.D. Ohio 2008).

Finally, the FCRA provides no private right of action for violations of the provision which prohibits the furnishing of inaccurate information to credit reporting

agencies.[2]  See 15 U.S.C. § 1681s-2(a); § 1681s-2(c) (the private enforcement remedies in § 1681n and *o*, available for certain other violations of the FCRA, do not apply to violations of § 1681s-2(a)); Antoine v. State Farm Mut. Auto Ins. Co., 662 F.Supp.2d 1318, 1327 (no private cause of action for reporting inaccurate consumer information to a credit reporting agency, in violation of § 1681s-2(a)).  The FCRA specifically states that § 1681s-2(a) is enforceable exclusively by certain federal agencies and state officials.  15 U.S.C. § 1681s-2(d).  Plaintiff's FCRA claim as against Ameriquest thus fails on multiple grounds and should therefore be dismissed.

    **C.**    **Plaintiff Fails to Plead a Claim for Fraudulent Misrepresentation Against Ameriquest.**

The common law cause of action for fraud or intentional misrepresentation has the following elements (1) there must be a representation to the plaintiff, (2) the representation must be false, (3) it must have to do with a past or present fact, (4) that fact must be material, (5) it must be susceptible of knowledge, (6) the representer must know it to be false, or in the alternative, must assert it as of his own knowledge without knowing whether it is true or false, (7) the representer must intend to have the plaintiff induced to act, or justified in acting upon it, (8) the plaintiff must be so induced to act or so justified in acting, (9) the plaintiff's action must be in reliance on the representation,

---

[2]    While Plaintiff specifically cites violation of "§ 1681(s)(2)(b)," Plaintiff alleges solely that "Defendants wrongfully…reported negative information as to the Plaintiffs [sic] to one or more Credit Reporting Agencies." Plaintiff does not allege that Ameriquest received notice of a dispute pursuant to § 1681(i), and therefore fails to state a claim for violation of § 1681s-2(b) (prescribing duties of furnishers *upon notice of dispute*). See Sweitzer, 554 F.Supp.2d at 795 (To trigger the obligations of § 1681-s(b), plaintiff must show that the defendant received notice from a credit reporting agency of a dispute pursuant to § 1681i.)

(10) that plaintiff must suffer damage, (11) that damage must be attributable to the misrepresentation, that is, the statement must be the proximate cause of the plaintiff's injury.  Davis v. Re-Track Manufacturing, 149 N.W.2d 37, 38-39 (Minn. 1967).

In paragraph 79 of the Complaint, Plaintiff alleges that all Defendants "misrepresented material information" to Plaintiff, but fails to provide any reasonable factual support for that claim.  *None* of the allegations contained in Count II identify what misrepresentations Plaintiff is complaining of, and the remainder of the Complaint's allegations offer little help.  (Compl. ¶ 78-82; see generally Compl.)  Moreover, despite the fact that there are four named Defendants, Plaintiff makes no effort to distinguish between the Defendants or identify who made what representations and when.  Id.  Instead, the Plaintiff simply groups them together in each and every allegation to claim he was somehow wronged.  Id.  Allegations of fraud must be pled with the particularity required by Rule 9.  United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006) (fraud claim must identify the "who, what, where, when, and how" of the alleged fraud) (internal citations omitted).  Plaintiff's vague allegations fall far short of the pleading requirements set forth in the Federal Rules.  Iqbal, 129 S. Ct. 1937, 1940 (a pleading which sets forth only a "formulaic recitation of the elements of a cause of action" fails under Rule 12(b)(6)).  Indeed, Plaintiff has failed to allege *any facts* demonstrating that he was the recipient of any specific statement from Ameriquest, much less that he was a recipient of a false statement that he reasonably relied upon and that caused him to suffer damages.  Having failed in this regard, Plaintiff has not established even the basic factual prerequisites of his claim for fraud against Ameriquest.

        1.      <u>Ameriquest did not make a representation to Plaintiff</u>.

First, Plaintiff fails to allege that *Ameriquest* made a representation to him. Paragraph 79 of the Complaint alleges that Defendants misrepresented material information to Plaintiff, but does not distinguish between the four named defendants. Plaintiff not only fails to allege that Ameriquest made a representation to him, he fails to identify any specific content of the representation which would permit a determination of its truthfulness.  <u>Id.</u>  Instead, he alleges that all Defendants made ambiguous representations which may or may not have been heard or read by unidentified parties. <u>Id.</u>  However, when suing more than one defendant, Rule 9(b) does not permit a plaintiff to "lump multiple defendants together," but instead requires that the complaint "inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764-65 (9th Cir. 2007) (citation omitted); <u>Parnes v. Gateway 2000, Inc.</u>, 122 F.3d 539, 549-50 (8th Cir. 1997); <u>Commercial Property Invs., Inc. v. Quality Inns Int'l, Inc.</u>, 61 F.3d 639, 644 (8th Cir. 1995).  Plaintiff has failed to satisfy this standard and Count II should be dismissed as it relates to Ameriquest.

        2.      <u>There was no misrepresentation of fact.</u>

Despite his failure to allege that any representative of Ameriquest made any representation to him, Plaintiff appears to be claiming that Ameriquest falsely reported that it had properly conveyed title to his home because the individual who signed the Mortgage Assignment, Carrie Ehinger, signed the Assignment on behalf of a Vice

President of Ameriquest. (Compl. ¶¶ 9, 41.)[3] Notwithstanding Plaintiff's unfounded conclusions about the validity of the assignment, it is clear under Minnesota law that Ameriquest's actions were legal.

First, the Mortgage expressly provided that it could be sold "one or more times without prior notice to" Plaintiff. Schubert Aff. Ex. B ¶ 20. Nothing in Minnesota law requires that a Mortgage be recorded prior to its assignment. Consequently, Ameriquest was within its rights when it assigned the Mortgage to Countrywide. (See Compl. ¶ 41; Schubert Aff. Ex. C.)

Second, nothing in Minnesota law precludes an individual from serving as an agent or representative for more than one entity. As such, Plaintiff cannot establish that Ms. Ehinger was without authority to assign the Mortgage on behalf of Ameriquest. Indeed, the Complaint is void of any allegation that Ms. Ehinger lacked authority to execute an assignment on behalf of Ameriquest.

Because the assignment was proper under Minnesota law, Ameriquest's representations regarding the assignment (if any were ever made) could not have been false and Plaintiff's claims for fraud against Ameriquest must fail. See Lack Industries, Inc. v. Ralston Purina Co., 327 F.2d 266, 276 (8th Cir. 1964) ("It is axiomatic that fraud cannot be predicated on truth. A true representation is not actionable.").

---

[3] Plaintiff also asserts vague allegations regarding false representations made at the time he executed the mortgage documents. (See e.g., Compl. ¶ 81.) Beyond the fact that Plaintiff utterly fails to plead sufficient allegations of any such misrepresentation—much less allegations sufficient to withstand Rule 9(b)'s particularity requirement—that claim would be time-barred under Minn. Stat. 541.05, which imposes a six-year statute of limitations on claims of fraud.

      3.    <u>Plaintiff did not act in reliance upon any Ameriquest representation.</u>

The Complaint states that Plaintiff "reasonably relied upon the representations of the Defendants in agreeing to execute and continue the mortgage loan documents." Compl. ¶ 81. Importantly, Plaintiff has failed to allege what, if any, action he took (or refrained from taking) in reliance upon any representation made *by Ameriquest*. <u>Swartz</u>, 476 F.3d at 764-65 (plaintiff must "inform each defendant separately of the allegations surrounding his alleged participation in the fraud."). In fact, Plaintiff fails to allege that he would have done anything to cure his default or otherwise avoid foreclosure if it had not been for any alleged representations. (<u>See generally</u> Compl.) Plaintiff has therefore failed to allege an essential element of fraud and his claim against Ameriquest must be dismissed. <u>Re-Trac</u>, 149 N.W.2d at 38-39; <u>see also</u> <u>Iqbal</u>, 129 S. Ct. 1937, 1949 (nonspecific, conclusory allegations are insufficient to state a claim under Rule 12(b)(6)).

      4.    <u>Ameriquest could not have caused damage to Plaintiff.</u>

Damages are an essential element of a cause of action for fraud. <u>Dupont v. Haggard</u>, 49 N.W.2d 186, 187 (Minn. 1951); <u>Bishop v. Fillenworth</u>, 18 N.W.2d 775, 776 (Minn. 1945). Where a complaint fails to demonstrate any causal relationship between the damage allegedly sustained and the misrepresentation, there can be no recovery. <u>See Lack Industries</u>, 327 F.2d at 276. Plaintiff alleges that "[a]s a direct and proximate cause of the Defendants' material omissions and material representations, Plaintiffs have suffered damages." (Compl. ¶ 82.) However, because, as demonstrated above, Plaintiff has failed to adequately plead that Ameriquest made any material misrepresentations or omissions, Plaintiff's claim for damages must fail.

Moreover, while the source of any alleged damages is impliedly Plaintiff's loss of his home to foreclosure, Ameriquest was not associated or otherwise involved with the foreclosure process. (See Compl. ¶¶ 18, 20, 41; supra at 6-8.) Consequently, Plaintiff's claim for fraud and intentional misrepresentation must be dismissed. Royal Realty Company v. Levin, 69 N.W.2d 667, 670 (Minn. 1955); Doty v. Brueckner, 352 N.W.2d 827, 830 (Minn. Ct. App. 1984).

### D. Plaintiff Fails to Plead a Claim for Breach of Fiduciary Duty Against Ameriquest.

In Count III of his Complaint, Plaintiff purports to assert a claim for breach of fiduciary duty against all Defendants. Plaintiff makes a conclusory assertion that a fiduciary relationship existed between himself and each named Defendant. He further baldly contends that all four named Defendants breached their fiduciary duties "by fraudulently concealing to Plaintiffs [sic] the ownership of their mortgage…." (Compl. ¶ 85.) Plaintiff's claim fails for several reasons.

As an initial matter, Plaintiff's claim as pled is, in reality, a fraud claim that he has failed to plead with the particularity demanded by Rule 9. (See id. ¶¶ 84-87 (allegations of fraudulent concealment form the sole basis for claim of fiduciary breach).) Plaintiff cannot overcome that fact by captioning it as a breach of fiduciary duty claim. For the reasons discussed above, Count III should therefore be dismissed on that basis alone.

Second, to the extent Plaintiff purports to base any part of his claim on his belief that Ameriquest failed to make certain disclosures at the time of the loan's origination in March 2003 (Compl. ¶¶ 57-59, 85), those claims are time-barred by Minnesota's six year

limitations period for such claims. Minn. Stat. § 541.05; Hope v. Klabal, 457 F.3d 784 (8th Cir. 2006); Parkhill v. Minnesota Mutual Life Ins. Co., 174 F.Supp.2d 951, 956-8 (D. Minn. 2000), aff'd 286 F.3d 1051 (8th Cir. 2002).

Third, Plaintiff can not state a claim for breach of fiduciary duty against Ameriquest. In Minnesota there is no fiduciary duty between a mortgagee and mortgagor that triggers a duty to disclose. See Hurley v. TCF Banking and Savings, F.A., 414 N.W.2d 584 (Minn. Ct. App. 1987) (no fiduciary duty of disclosure between mortgagee and mortgagor); Norwest Bank of Hastings v. Clapp, 394 N.W.2d 176, 179 (Minn. Ct. App. 1986) (no duty to disclose absent fiduciary relationship). Plaintiff alleges only that Defendants "contract[ed] to provide mortgage loan services and a loan program" to him. This lender-borrower relationship does not trigger a fiduciary duty under Minnesota law.

Finally, the Complaint is devoid of facts that reasonably support any breach. The allegations of fiduciary breach consist solely of broad and conclusory statements regarding the failure of all Defendants to fulfill their fiduciary obligations to Plaintiff. Plaintiff baldly claims that "Defendants" "fraudulently conceal[ed]…the ownership of [Plaintiff's] mortgage," but provides no supporting facts. (Compl. ¶ 85.) While Plaintiff alleges that "Defendants" were responsible for insuring that Plaintiffs received "all legally required disclosures pursuant to the Truth In Lending Act and RESPA," he never alleges that any Defendant actually *failed to provide* these disclosures. Count III should therefore be dismissed.

### E.  **Plaintiff Fails to Plead a Claim for Civil Conspiracy Against Ameriquest.**

Plaintiff's civil conspiracy claim against Ameriquest likewise fails. "A conspiracy is a combination of persons to accomplish an unlawful purpose or a lawful purpose by unlawful means." Harding v. Ohio Cas. Ins. Co. of Hamilton, 41 N.W.2d 818, 824 (Minn. 1950). Civil conspiracy requires the conspirators to have a meeting of the minds as to plan or purpose of action to achieve a certain result. Bukowski v. Juranek, 35 N.W.2d 427, 429 (Minn. 1948).

Claims of civil conspiracy must be based on an underlying tort. Harding, 41 N.W.2d at 824. Plaintiff's conspiracy claim explicitly relies on allegations of "fraud," but because Plaintiff fails to plead his allegations of fraud with particularity, as required by Fed. R. Civ. P. 9(b), his civil conspiracy claim must fail. (See Compl. ¶ 88-89 ("Defendants agreed…to engage in the conspiracy to defraud…Plaintiffs [sic]."); Noble Systems Corp. v. Alorica Central, LLC, 543 F.3d 978, 984-5, 986-7 (8thCir. 2008) (dismissing claim for civil conspiracy where conspiracy claim was based on allegations of fraud, and fraudulent conduct not pled with particularity); In re Mirapex Products Liability Litig., 2010 WL 3385251, *2-3 (D. Minn. Aug. 4, 2010) (Fraud-based claim for civil conspiracy subject to Rule 9(b)'s particularity requirement); Carlson v. A.L.S. Enterprises, Inc., 2008 WL 185710, *5 (D. Minn. Jan. 18, 2008) (same). Accordingly, Plaintiff's allegations fails to meet the heightened pleading standard of Rule 9(b), and Count IV should be dismissed.

Moreover, while it is entirely unclear what alleged conduct forms the basis for this claim, to the extent that the Complaint alleges that the conduct occurred at the time the mortgage was executed or soon thereafter, Count IV is time-barred by the six-year statute of limitations.  Minn. Stat. § 541.05; Klabal, 457 F.3d at 790-793 (racketeering claims subject to six-year statute of limitations).

### F. Plaintiff Fails to Plead a Claim for Violation of the Fair Debt Collection Practices Act.

Plaintiff asserts in a very brief and conclusory fashion that "the Defendants … have violated provisions of Minnesota's Fair Debt Collection Practices Act."  (Compl. ¶ 112.)  However, Plaintiff utterly fails to identify which sections of the Act have purportedly been violated, by what conduct, and by which Defendants.  Given the facts and discussion above, it is implausible that Ameriquest could have violated the Act. Count VIII of the Complaint should be dismissed.

### G. Plaintiff Fails to Plead A Claim For Slander of Title.

Plaintiff fails to lodge any allegations that Ameriquest made a false statement concerning the plaintiff's real property, that was published with malice to others, and that such publication caused pecuniary loss in the form of special damages.  See Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000); see also Kelly v. First State Bank, 177 N.W. 347, 347 (Minn. 1920) ("Filing for record an instrument known to be inoperative is a false statement within the rule, and if done maliciously it is regarded as slander of title."). While Plaintiff's sole allegation in support of his claim for slander of title—that Defendants "have made a false and malicious written or spoken public statement

disparaging a [sic] him title to property"—is extraordinarily vague, to the extent he is alleging that the filing of the Mortgage and the Mortgage Assignment constitute slander of title, his claim fails.[4] (See Compl. ¶ 115.) "[I]f a man does no more than file for record an instrument which he has a right to file, he commits no wrong." In re Nielsen, 1998 WL 386384, at *4 (Bankr. D. Minn. July 9, 1998).

Here, Plaintiff's slander of title claim comes down to his naked assertion that false claims were made within the assignment of mortgage, namely that the Assignment of Mortgage was invalid, and publicly recorded and published in the newspaper as part of the foreclosure action. (Compl. ¶¶ 41-42.) Plaintiff's claim fails on multiple grounds.

As a threshold matter and as discussed above, Plaintiff has no standing to challenge validity of the Assignment, which appears to be the basis for his claim. Moreover, other than his conclusory assertions, Plaintiff has alleged no facts to demonstrate any false statements in the Assignment. Where a plaintiff fails to produce evidence of a false statement, the defendant is entitled to judgment as a matter of law. Burgmeier v. Bjur, 2003 WL 42178, at *2-*3 (Minn. Ct. App. Jan. 7, 2003). Thus, in Burgmeier, the court found that the quitclaim deed at issue merely "convey[ed] . . . interest . . . in the described real property and ha[d] no other effect," and, accordingly, was not a false statement. Id. at *2. Because "there can be no publication of a false

---

[4] Because the Mortgage was executed and recorded more than six years ago, any slander of title claim relating to the filing of the Mortgage is time-barred by Minn. Stat. 541.05. See Schubert Aff. Ex. 2.

statement" when the filed document "is not false," the plaintiff failed to satisfy the first element of the cause of action. Id.

Nor can Plaintiff establish the element of publication against Ameriquest. The publications of which Plaintiff complains are the recording of the Assignment and the publication of the facts concerning the Assignment in the newspaper as part of the foreclosure proceeding. (Compl. ¶ 42.) But as Plaintiff concedes and as evident on the face of publicly recorded documents, Ameriquest had no role in those publications. (Id. ¶ 41-42.) As discussed above, Ameriquest sold and assigned its record interest in the subject property to Countrywide, and has since had no interest in the foreclosure proceedings, the Mortgage or the Promissory Note. See supra at 6-8. Ameriquest therefore could not even have *plausibly* slandered title.

Plaintiff similarly cannot establish malice by Ameriquest concerning the Assignment of Mortgage. "The element of malice requires a '[r]eckless disregard concerning the truth or falsity of a matter . . . despite a high degree of awareness of probable falsity or entertaining doubts as to its truth.'" Brickner v. One Land Dev. Co., 742 N.W.2d 706, 711-12 (Minn. Ct. App. 2007) (citation omitted)). Malice requires "that the disparaging statements be made without a good faith belief in their truth," Smith v. Toomey, 1997 WL 526316, at *1 (Minn. Ct. App. Aug. 26, 1997), or "that they were made without probable cause," Burgmeier, 2003 WL 42178, at *2 (citing Ouevli Farms, Inc. v. Union Sav. Bank & Trust Co., 226 N.W. 191 (Minn. 1929).

Finally, Plaintiff has failed to allege, nor can he, that he suffered any special damages. In order to establish such damages, Plaintiff must show that "expenses were

incurred . . . as a result of the filing of the [instrument]" and not from other disputes. Burgmeier, 2003 WL 42178, at *2.  Where the expenses "would most likely have been incurred" regardless of the filing of the instrument, a plaintiff has failed to show specific damages in the form of attorney fees.  Id.  Here, regardless of whether the Mortgage was assigned, Plaintiff was facing foreclosure because of his failure to make contractually agreed upon mortgage payments.

For all of these reasons, Plaintiffs have failed to state a claim for slander of title against Ameriquest, and the claim should be dismissed.

## **CONCLUSION**

For the foregoing reasons as well as for the reasons set forth in Countrywide's Memorandum, Ameriquest Mortgage Company, Inc. respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety and with prejudice.

Dated:  February 11, 2011                    DORSEY & WHITNEY LLP


                                             By s/Kirsten Schubert
                                                  Shari L. J. Aberle #0306551
                                                  aberle.shari@dorsey.com
                                                  Kirsten Schubert #388396
                                                  schubert.kirsten@dorsey.com
                                             Suite 1500, 50 South Sixth Street
                                             Minneapolis, MN 55402-1498
                                             Telephone:  (612) 340-2600

                                             Attorneys for Defendant
                                             Ameriquest Mortgage Company, Inc.