# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven Gerlich, | Civil No. 10-4520 (DWF/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Countrywide Home Loans, Inc., and Carrie Ehinger, | |
| Defendants. | |

_____

Blake G. Iverson, Esq., Friedman Iverson PLLC, counsel for Plaintiff.

Jodee K. McCallum, Esq., and Michael G. Patiuk, Esq., Thompson, Coe, Cousins & Irons, LLP, counsel for Defendants.

_____

## INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 46). For the reasons set forth below, the Court grants the motion.

## BACKGROUND

On March 10, 2003, Plaintiff Steven Gerlich and Shelley Chamberlin, as joint tenants, executed a $98,000 mortgage in favor of Ameriquest Mortgage Company ("Ameriquest") that secured a lien for residential property on 18th Avenue North in Saint Cloud, Minnesota ("Subject Property"). (Doc. No. 55, Patiuk Aff. ¶ 2, Ex. A.) On September 24, 2008, Ameriquest assigned the mortgage to Countrywide Home Loans,

Inc. ("Countrywide"). (*Id.* ¶ 2, Ex. B.) Defendant Carrie Ehinger signed the Assignment of Mortgage as "1st Vice President" of Ameriquest. (*Id.*) The assignment was recorded on October 6, 2008. (*Id.*) Thereafter, Countrywide commenced foreclosure by advertisement proceedings and ultimately purchased the Subject Property at a sheriff's sale on January 21, 2010. (*Id.* ¶ 2, Ex. D.)

Plaintiff generally asserts that Countrywide did not hold a valid ownership interest in the mortgage at the time it initiated foreclosure proceedings, thus rendering the sheriff's sale invalid. (Am. Compl. ¶¶ 31–33, 46–47.) Plaintiff claims that, because Defendant Ehinger "was not an employee of Ameriquest at the time she signed the Assignment of Mortgage," the assignment of Ameriquest's interest in the property to Countrywide, as executed by Defendant Ehinger, constituted a fraudulent transfer. (*See, e.g.,* Am. Compl. ¶ 23.)

The Amended Complaint alleges the following five counts against Defendants: (1) "Fraud"; (2) "Slander of Title"; (3) "Quiet Title"; (4) "Set Aside Foreclosure Sale"; and (5) "Conveyance to Countrywide Void."

## DISCUSSION

### I.     Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir.

2

1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II. Defendants' Motion to Dismiss

Defendants argue that Plaintiff's claims fail because the foreclosure proceedings complied with Minnesota law, Plaintiff's complaint is not well-pleaded, and Plaintiff has no standing to contest the Assignment of Mortgage. The parties agree that all counts of the complaint turn on the question of the validity of the Assignment of Mortgage. Because the Court finds that Plaintiff does not have standing to dispute the mortgage

assignment from Ameriquest to Countrywide, the Amended Complaint must be dismissed in its entirety.

### A. Sufficiency of the Pleadings

As a preliminary matter, the Court finds that Plaintiff's claims fail to meet the basic pleading requirements of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."[1] Fed. R. Civ. P. 8(a)(2). While the Rule 8 pleading standard does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S. Ct. at 1949. A complaint will not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

Each of Plaintiff's five claims contains merely conclusory statements stemming from the principal allegation that Defendant Ehinger falsely held herself out to be an employee of Ameriquest and thus fraudulently assigned the mortgage to Countrywide. Absent from the Amended Complaint is factual support for each cause of action sufficient to satisfy the requirements of *Twombly*. As such, Plaintiff's claims fail in this regard. The Court concludes, however, that granting further leave to amend the complaint would be futile because Plaintiff does not have standing to contest the validity of the Assignment of Mortgage as discussed below.

---

[1] Claims for fraud and mistake are governed by Rule 9(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 9(b).

### B. Standing

Even if Plaintiff were to allege additional facts to support his claims, the Amended Complaint must be dismissed for lack of standing. To have standing under Article III of the Constitution, a plaintiff must allege (1) a concrete injury in fact, (2) that is fairly traceable to the challenged action, and (3) that is likely to be redressed by the relief sought. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992) ("[T]here must be a causal connection between the injury and the conduct complained of," and it must be likely "that the injury will be redressed by a favorable decision."). The Court finds that Plaintiff cannot furnish the causal nexus necessary to establish standing to assert his claims.

In this action, Plaintiff generally alleges that Defendant Countrywide has unlawfully foreclosed on his home pursuant to an invalid Assignment of Mortgage. Plaintiff claims that Defendant Ehinger falsely held herself out to be the "1st Vice President" of Ameriquest when executing the Assignment of Mortgage, while she was, in fact, neither an agent nor employee of Ameriquest but rather an employee of Countrywide, acting at Countrywide's behest.[2] (*See* Am. Compl. ¶¶ 12, 25–29.) He further claims to have relied on "Defendants' fraudulent act" by "spending time and money attempting to redeem the Property." (Am. Compl. ¶ 34.) Plaintiff, however, does not allege any additional facts to demonstrate that he has suffered an injury in fact as a

---

[2] Plaintiff sets forth no factual basis, however, for his contention that Defendant Ehinger lacked authority from Ameriquest to assign the mortgage.

result of the purported fraudulent transfer. The Court concludes that the mortgage assignment, standing alone, caused Plaintiff no injury.

Plaintiff was not a party to the Assignment of Mortgage, which conferred upon Countrywide the right to foreclose on the debt. Even assuming Plaintiff were able to show that Defendant Ehinger had no authority to assign Ameriquest's interest in the mortgage to Countrywide, the party sustaining injury as a result of the fraudulent assignment would be Ameriquest, not Plaintiff.[3] If the Assignment of Mortgage were indeed unenforceable, Ameriquest itself would retain the right to foreclose. Thus, any injury to Plaintiff in losing his home pursuant to a foreclosure sale is not fairly traceable to the Assignment of Mortgage and is not likely to be redressed by the relief sought.

Plaintiff has not demonstrated a causal nexus between the mortgage assignment and any economic harm he suffered. With respect to his claim of fraud, Plaintiff has failed to articulate how he relied, in any way, upon the Assignment of Mortgage, the document he contends contains the false statement. Nor has he alleged that the purported false representation of Defendant Ehinger's title induced him to act in reliance upon it. *See Iverson v. Johnson Gas Appliance Co.,* 172 F.3d 524, 529 (8th Cir. 1999) ("Under Minnesota law, fraud is properly pled if the complaint alleges the elements of intent, inducement, reliance, and damages."). Plaintiff cannot show the essential element of reliance or that he sustained an injury as a result of any such fraud. Thus, Plaintiff's fraud-based claims fail for want of a causal nexus between Defendants' conduct and

---

[3] Notably, Ameriquest has raised no objection to the assignment at issue.

Plaintiff's alleged injuries.[4] *See Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 926–27 (8th Cir. 2004). Because Plaintiff's other claims rely on the same conduct as his claim of fraud, those claims likewise fail.

Plaintiff is without standing to pursue his causes of action. He cannot demonstrate a causal nexus between the purported fraud or false statement and the financial harm he may have suffered as a result of the foreclosure. Plaintiff further concedes that all of his claims turn on the validity of the Assignment of Mortgage, which this Court has determined Plaintiff has no standing to challenge. Thus, even if Plaintiff had alleged additional factual support for his claims, his claims fail for lack of standing. Accordingly, the Court grants Defendants' motion and dismisses Plaintiff's Amended Complaint with prejudice.

---

[4] Plaintiff's failure to allege specific facts with respect to his claims further evidences a lack of standing. Notably, Countrywide now holds a sheriff's certificate of sale for the Subject Property, which was recorded on January 21, 2010. (Patiuk Aff. ¶ 2, Ex. D.) The sheriff's certificate of sale constitutes prima facie evidence that the foreclosure was lawful. *Dixon v. Deutsche Bank Nat'l Trust Co.*, 2008 WL 4151835 (D. Minn. Sept. 3, 2008); *see* Minn. Stat. § 580.19. While Plaintiff's Amended Complaint is silent on the issue, it appears that he made no attempt to redeem at any time during the six-month period following the sheriff's sale. *See* Minn. Stat. § 580.23. Plaintiff's Amended Complaint is also silent as to whether he preserved his right of redemption in any way. *See, e.g.,* Minn. Stat. § 580.28. Plaintiff's likely failure to redeem during the statutory period further underscores that he is not entitled to relief on his claims. *See Stein v. Chase Home Fin.,* 2010 WL 4736828, at *6 (D. Minn. Aug. 13, 2010) (holding that a plaintiff could not challenge the validity of a foreclosure after the expiration of the redemption period).

**ORDER**

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. [46]) is **GRANTED**.

2. Plaintiff's Amended Complaint (Doc. No. [44]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 7, 2011              s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge